IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN & EVE C. PASTERNAK | : | CIVIL ACTION |
| | : | |
| v. | : | No.   06-1818 |
| | : | |
| DAVID E. BURNS, et al. | : | |
| | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                **August 9, 2007**

Defendants David Burns, Keith Burns,  K&R Burns, Inc., Singer Financial Corporation, and Paul Z. Singer ask me to dismiss this case on grounds Steven and Eve C. Pasternak failed to name an indispensable party.  Steven Pasternak argues he is the sole shareholder of POG Industries, Inc., the holder of the liquor license at issue, and as such can act in its stead.   Because I find POG is an indispensable party whose inclusion would destroy diversity, I must dismiss this case for lack of jurisdiction.

**FACTS**[1]

New Jersey residents Steven and Eve C. Pasternak owned the Klecknersville Hotel in Bath, Pennsylvania.  POG Industries, Inc., a Pennsylvania corporation wholly owned by Steven Pasternak, owned the liquor license attached to the property.  On August 16, 2002, Pasternak executed a mortgage with Singer Financial Corporation and assigned any rents received to Singer if Pasternak defaulted.

On January 9, 2003, POG entered into an agreement to sell its liquor license to K&R Burns, a corporation owned by Pennsylvania residents, David E. Burns and C. Keith Burns.

---

[1]For the purpose of this motion, the court assumes all of the facts in the light most favorable to the plaintiff. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

POG also agreed to lease the property to K&R with an option to purchase.  Pasternak was a party to the lease and to the agreement of sale of the liquor license as president of POG.

On January 8, 2004, Singer informed K&R of its plan to foreclose on the property and instructed K&R to begin paying rent to Singer, not Pasternak.  K&R wrote a letter informing POG and Pasternak about Singer's instructions.  Singer foreclosed on the property and K&R sold the liquor license to an unrelated third-party.

Prior to the filing of this action, Singer and Pasternak brought four lawsuits in state court involving the lease to K&R and the foreclosure.[2]  On April 28, 2006, Pasternak filed this action alleging Singer wrongfully foreclosed on the property and K&R wrongfully converted the property's liquor license by selling it to a third-party.[3]  K&R and Singer filed motions for summary judgment arguing POG is an indispensable party to this action because it was the owner of the liquor license in question and not Pasternak. Because POG's joinder would destroy this court's diversity jurisdiction, K&R and Singer ask this court to dismiss the case.[4]  Pasternak responds he is the owner of the liquor license, not POG.  Pasternak further argues even if POG is the owner, it is not an indispensable party to this action since he is the sole shareholder of POG and waives all of its future claims pursuant to the liquor license.

_____

[2]The state court actions include a foreclosure action by Singer against Pasternak, a petition to strike a confessed judgment by Pasternak, a small claims court action for failure to pay rent by Singer against Burns, and an injunction by Singer to enjoin Burns from selling the liquor license to the third party.

[3]In their complaint, the Pasternaks brought additional counts including counts of fraud, negligence, tortious interference, breach of contract and conspiracy.

[4]Burns also argues pending state court litigation precludes the Pasternaks' claims in this lawsuit and, even if not precluded, the claims are insufficient to establish a cause of action entitling them to relief. These arguments, however, are not relevant to my decision here.

**DISCUSSION**

Under the Federal Rules of Civil Procedure, "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The Third Circuit has held when an action cannot proceed due to the absence of indispensable parties, an order of dismissal rather than a grant of summary judgment is appropriate because "a judgment under Rule 56 goes to the merits and operates in bar of the cause of action, not in abatement." *Martucci v. Mayer*, 210 F.2d 259, 260 (3d Cir. 1954). Similarly, the Fourth Circuit has held when the joinder of an indispensable party would destroy complete diversity and ultimately divest the court of subject matter jurisdiction, the court should dismiss the claim. *Schlumberger Ind. Incorp. v. Nat. Surety Corp.*, 36 F.3d 1274, 1288 (4th Cir. 1994).

Issues involving indispensable parties are governed by Rule 19 of the Federal Rules of Civil Procedure. Under Rule 19(a), courts first must decide if a party is necessary. *John Hancock Property & Casualty Co. v. Hanover Insurance Co.*, 859 F. Supp. 165, 168 (E.D. Pa. 1994). Once the court finds a party necessary, the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person thus regarded as indispensable." Fed. R. Civ. P. 19(b).

Under Rule 19 a party is necessary if, in the person's absence, complete relief cannot be granted or, if prejudice would result to an existing party or the absent party.[5] Fed.R.Civ.P. 19(a).

---

[5]Rule 19 states a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the

3

Here, the claim the Pasternaks assert is POG's.  If K & R is found liable for wrongful conversion, then POG would be entitled to at least partial relief.  In a negligence case involving a plane crash, the court found two Scottish companies that maintained the plane indispensable under Rule 19(a).  *Whyham v. Piper Aircraft Corp.*, 96 F.R.D. 557, 561 (M.D. Pa. 1982).  There, the court reasoned if the Scottish companies were found negligent in the maintenance of the aircraft, the companies would share the liability for damages.  *Id.*

The *Whyham* court reasoned failure to join the Scottish companies could impair their ability to protect their interests.  *Id.*  Here, the alleged injury is inflicted on POG and not Pasternak.  "[I]t has been consistently held that the primary wrong is to the corporate body and, accordingly, that the shareholder, experiencing no direct harm, possesses no primary right to sue."  *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970).  Failure to join POG would impair its ability to protect its interest in the liquor license.  I find POG is a necessary party.

"[I]f a person fitting the description in Rule 19(a) cannot be joined, the court must determine whether the litigation should proceed without said person or whether said person is an 'indispensable' party requiring dismissal of the action."  *Jurimex Kommerz Transit G.m.b.h. v. Case Corp.*, 201 F.R.D. 337, 339 (D. Del. 2001).   To determine if a party is "indispensable," I must consider plaintiff's interest in selecting the forum, defendant's interest in avoiding multiple litigation, inconsistent relief for liability shared with others, the interest of absent yet necessary parties, and the interest of courts as well as the public in complete and effective settlement of controversies.  *John Hancock*, 859 F. Supp. at 168.  "The party raising the defense of failure to

interest."  Fed. R. Civ. P. 19(a).

4

join an indispensable party has the burden to show that the person who is not joined is needed for a just adjudication." *Beall*, 677 F. Supp. at 283.

Singer and K & R argue POG is the true party in interest, and no proper relief can be granted on the conversion claim without POG. Pasternak responds he, not POG, owned the liquor license and POG is not an indispensable party. At the pleading stage, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 236 (3d ed. 2004). Because Pasternak alleges no facts to support his contention he is the proper owner of the liquor license, I may disregard this contention as a legal conclusion.

Pasternak further argues, even if POG is the owner of the liquor license, POG is not an indispensable party because he is the sole shareholder of the company and will forego any of POG's future interests. In *McCann v. Pierson* a corporation was found indispensable because "[t]he existence of a corporation established to conduct the partnership's business cannot be disregarded." 78 F.R.D. 347, 350 (E.D. Pa. 1978).[6] In *Kauffman v. Dreyfus Fund, Inc.*, the Third Circuit remanded a derivative suit holding a shareholder of a mutual fund did not have standing to bring a claim to vindicate the mutual fund's interests. 434 F.2d 727 at 732. Under Pennsylvania law, POG, as owner of the liquor license, is an indispensable party regardless of

---

[6]The court in reaching this decision noted the disposition of the action in the corporation's absence would impede its ability to protect its interest and noted the extreme prejudice that would result to the corporation's interests if the litigation were to proceed in its absence due to its position at the "vortex of all of the transactions that are alleged to form the basis of the amended complaint." *McCann*, 78 F.R.D at 350.

5

Pasternak's interest as a shareholder.  Because POG is the party injured by the conversion, Pasternak lacks standing to bring the action.  *Id.*  Any action vindicating POG's right to the liquor license would have to include POG.

Singer and K &R have met their burden under 19(b) proving POG is an indispensable party.  I find Pasternak's interest in forum selection is not substantial because Pasternak previously sued Singer in state court, where this case belongs if POG is joined.  In *Beall* the court held a plaintiff's interest in forum selection was substantial where that court was the only court able to grant appropriate relief.  677 F. Supp. at  283.  In this case plaintiff's claims can effectively be addressed in state court.

Next, Pasternak's interest in the forum "must be  weighed against the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability shared with others." *Whyham*, 96 F.R.D. at 561 (citing *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970),  *Federal Resources Corp. v. Shoni Uranium Corp.*, 408 F.2d 875, 877-78 (10th Cir. 1969)).  K & R and Singer have an interest in avoiding additional litigation should POG later assert its interst.

Finally, considering the interest in complete, efficient settlement of controversies, POG's interest in this case suggests a single adjudication is not possible unless POG is joined.  Because "the optimum solution is to have one adjudication that is binding on all interested persons," *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 738 (1968), this factor weighs strongly in favor of finding POG is an indispensable party.

Balancing the four factors, I find POG is an indispensable party to this action and joining POG would destroy diversity among the parties.  Without diversity, this court lacks subject

matter jurisdiction under 28 U.S.C. § 1332.  Therefore, I will dismiss Pasternak's action in favor

of the Defendants under 12(h)(3).  *Schlumberger*, 36 F.3d at 1288 (holding dismissal of an action

is warranted under 12(h)(3) when joinder of a necessary party would destroy complete diversity

and eliminate the court's jurisdiction over the subject matter).

 An appropriate order follows.